UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENYON DARRELL BROWN,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>K. SANTORO, Warden,<br><br>　　　　Respondent. | No. 5:20-cv-01775-RGK (JDE)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

The Court has reviewed the pro se Petition for Writ of Habeas Corpus lodged by Kenyon Darrell Brown ("Petitioner") with the Ninth Circuit Court of Appeals, transferred to this Court and filed as of August 16, 2020. See Dkt. 1 ("Petition" or "Pet."); Dkt. 2. In the Petition, Petitioner alleges that the California Department of Corrections and Rehabilitation ("CDCR") discriminates against inmates in the manner in which it awards good conduct credits and provides access to rehabilitative programs under Proposition 57, in

1 | the midst of overcrowded prison conditions and the high risk of the
2 | Coronavirus.[1]
3 |      A district court "must promptly examine" the petition and, "[i]f it
4 | plainly appears from the petition . . . that the petitioner is not entitled to relief,"
5 | the "judge must dismiss the petition." Rule 4, Rules Governing Section 2254
6 | Cases in the United States District Courts ("Habeas Rules"); Mayle v. Felix,
7 | 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of
8 | the Habeas Rules and finds it is subject to dismissal for the reasons explained
9 | below.

## II.
## PETITIONER'S CLAIMS

12 |     1.     CDCR "discriminates against inmates" by awarding fifty percent
13 | credit to inmates in fire camp while awarding only twenty percent credit to the
14 | same violent offenders working on mainline, without providing the mainline
15 | inmates with other opportunities to earn good conduct credit at the higher rate.
16 | Further, CDCR discriminates in the way it has determined which "violent
17 | offenders" are eligible for Proposition 57 status, resulting in "unequal credit
18 | earning." Pet. at 3.
19 |     2.     Petitioner is "suffering ine[q]ualities in credit earning rates and
20 | inconsistent access to rehabilitative programming, in the midst of
21 | "unconstitutional overcrowded prison conditions corona virus high risk due to

---

[1] Although Petitioner requests that good conduct credit be awarded at a higher rate for "any inmate with good behavior" (Pet. at 4), it is not clear on the face of the Petition whether he intends to bring the Petition as a class action. Regardless, because a pro se litigant "cannot adequately represent [a] putative class," the Court construes the Petition as applying only to him. See Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); see also Stout v. Newsom, 2020 WL 5110313, at *2 (E.D. Cal. Aug. 31, 2020) ("It is well established that a layperson cannot ordinarily represent the interests of a class," particularly where the putative class representatives are incarcerated and proceeding pro se.).

a lack of social distancing because of a cell-mate[.] AB 3160 calls for the same credit earning for in prison programing." Pet. at 4.

## III.

## DISCUSSION

**A.  Petitioner's Claims Concerning his Prison Conditions Do Not Fall Within the Core of Habeas Corpus**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. The Ninth Circuit has adopted a rule that if "a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner's] claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

3

Here, Petitioner, who is currently incarcerated at North Kern State Prison (the "Prison"), is serving a ten-year sentence imposed by the San Bernardino County Superior Court in November 2019. He contends that the CDCR discriminates in the manner in which it awards good conduct credit, claiming that good conduct credit should be earned at the same rate regardless of whether the inmate works in the "mainline" at the Prison or a "fire camp" and regardless of the nature of the underlying criminal conviction. Petitioner further contends that CDCR provides inconsistent access to rehabilitative programs, which is unconstitutional in the midst of overcrowding and the risk of the Coronavirus. Petitioner requests that his good conduct credit be calculated at the higher fifty percent rate. Pet. at 4.

At least with respect to his claims challenging the lack of access to rehabilitative programs and overcrowding, success on these claims would not result in an immediate or speedier release from custody. See Nettles, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus"); Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought in a civil rights action despite the relief sought); Stephens v. Cty. of San Bernardino, 2019 WL 1412123, at *1 (C.D. Cal. Feb. 20, 2019) (concluding that conditions of confinement claims must be brought in Section 1983 action regardless of the petitioner's request for release from custody), report and recommendation accepted by 2019 WL 1406954 (C.D. Cal. Mar. 27, 2019); Crane v. Beard, 2017 WL 1234096, at *4 (C.D. Cal. Apr. 3, 2017) (finding that claim challenging the petitioner's conditions of confinement was not cognizable on federal habeas review). As such, these claims do not fall within "the core of habeas corpus" and Petitioner must instead pursue these claims, if at all, in a Section 1983 action.

As to Petitioner's claims challenging the calculation of good conduct credit, at least one district court has found that claims challenging the denial of good conduct credit to a determinate sentence under Proposition 57 fell "outside the core of habeas corpus." See Blanco v. Asuncion, 2019 WL 2144452, at *3 (S.D. Cal. May 16, 2019), report and recommendation adopted by 2019 WL 3562215 (S.D. Cal. Aug. 6, 2019). In that case, the petitioner alleged that his right to earn good conduct credit under Proposition 57 was being withheld and due process required that good conduct credits under Proposition 57 be applied retroactively. Id. at *2. The court concluded that, even if the petitioner could establish that he was entitled to accrue good conduct credits, it would not necessarily lead to his immediate or earlier release from confinement because good conduct credits are not guaranteed and are only awarded for satisfactory conduct and participation. Id. at *3. The district court explained that CDCR would still need to determine whether those credits should be awarded and credit could be denied if petitioner's conduct or participation did not satisfy applicable standards. Id.

Thus, to the extent Petitioner contends he is being denied good conduct credits, it appears such claims would not fall within the core of habeas corpus. However, Petitioner also challenge the calculation of credits, alleging that good conduct credits earned in mainline should be calculated at the same rate as those credits are calculated for inmates working in the fire camp. Such claim arguably falls within the core of habeas corpus as a higher award of good conduct credits would advance Petitioner's release date. See 15 Cal. Code Regs., § 3043.2(b) (the award of good conduct credits "shall advance an inmate's release date if sentenced to a determinate term"). Even if Petitioner could pursue this claim in the instant Petition, however, several other pleading defects exist.


**B.    Pursuit of the Instant Petition May Bar Petitioner from Further Seeking Relief Regarding His 2019 Conviction**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. See 28 U.S.C. § 2244(b). A habeas petition is second or successive if "it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 petition, the petitioner must first obtain authorization from the Ninth Circuit before seeking relief in the district court. 28 U.S.C. § 2244(b)(3).

In his Petition, Petitioner identifies two underlying convictions (Case Nos. FWV18004486 and FSB17001255) and a ten-year prison sentence, which corresponds to Case No. FWV18004486.[2] Petitioner filed a habeas petition in 2019 and another earlier this year challenging one or both of these underlying convictions. See Brown v. People of the State of California, Case No. 5:19-cv-02507-RGK-PJW (referencing Case Nos. FWV18004486 & FSB17001255);

---

[2] Petitioner indicates that he has "concurrent cases," referring to Case No. FSB17001255 as the non-controlling case. Pet. at 5. It appears from the San Bernardino County Superior Court's online docket that on November 14, 2019, Petitioner was sentenced to a ten-year prison term in Case No. FWV18004486 and a four-year prison term in Case No. FSB17001255. See Superior Court of California – County of San Bernardino ("SBSC") at https://portal.sb-court.org. The Court takes judicial notice of the relevant state court records available electronically for the state courts pursuant to Federal Rule of Evidence 201. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

Brown v. United States District Court, Case No. 5:20-cv-01222-RGK-JDE (referencing Case No. FWV18004486). Both cases were dismissed without prejudice because Petitioner's direct appeal was pending in the California Court of Appeal, rendering his claims unexhausted (Case No. 5:19-cv-02507-RGK-JDE) and subject to Younger abstention (Case No. 5:20-cv-01222-RGK-JDE).

To the extent Petitioner desires to further pursue the claims asserted in these earlier habeas petitions, Petitioner is advised that by pursuing the instant Petition at this time he may be barred from raising these earlier challenges at a later date and any subsequent petition challenging his 2019 conviction and/or sentence may be deemed a second or successive petition. The Court expresses no opinion at this time whether a subsequent petition would be second or successive or whether Petitioner would be barred from later pursuing habeas relief regarding that conviction. However, because the current Petition challenges only the award of good conduct credit and state review of the conviction in Case No. FWV1800486 remains pending, the Court provides Petitioner an opportunity to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a) prior to any further action in this matter.

C. *Younger* **Abstention is Warranted**

Additionally, putting aside whether Petitioner will be able to pursue claims regarding his 2019 conviction and sentence at a later date, the instant Petition appears to suffer from the same defect as Case No. 5:20-cv-01222-RGK-JDE, namely, the Petition appears potentially subject to abstention under Younger v. Harris, 401 U.S. 37 (1971). Under the Younger abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. Id. at 43-54. Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2)

the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). The Younger rationale applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka v. Judges of the Superior Court of the State of Cal., 23 F.3d 218, 223 (9th Cir. 1994) (stating that even if the trial was complete at the time of the court's decision, state court proceedings were still considered pending for Younger abstention purposes).

      Here, it appears all Younger criteria are present. Petitioner's current Petition appears to implicate his underlying 2019 state court conviction, in part, because he challenges whether he is entitled to certain good conduct credit authorized by Proposition 57 based on the nature of his underlying conviction, which he is currently challenging in state court. Petitioner concedes his direct appeal is pending (Pet. at 5-6), which is confirmed by the California Court of Appeal's online docket. See Cal. Courts, Appellate Courts Case Information at https://appellatecases.courtinfo.ca.gov. Additionally, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. Finally, it appears Petitioner has an adequate state forum in which to pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). As such, this Court must abstain from intervening in the ongoing state criminal proceedings absent extraordinary circumstances. Canatella v. California, 404 F.3d 1106, 1109-10

(9th Cir. 2005). Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on "flagrantly and patently" unconstitutional state rules, or where some other extraordinary circumstance is present. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982). Additionally, irreparable injury alone is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. See Younger, 401 U.S. at 46. Here, it does not appear that the circumstances of Petitioner's case fall within any recognized exception to the Younger doctrine. For the foregoing reasons, it appears that Younger abstention may be appropriate in this case.

**D.     The Claims Do Not Raise a Cognizable Federal Question**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). A habeas petitioner is required to set forth the grounds for relief and the facts supporting each ground. See Habeas Rules, Rule 2(c); Felix, 545 U.S. at 649 ("Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground'" (quoting Rule 2(c)). Here, Petitioner vaguely alleges that CDCR's actions are "unconstitutional" (Pet. at 3), but provides no legal basis to support this claim. In the absence of a specific constitutional basis for his claims, Petitioner's vague and conclusory allegations are insufficient to warrant habeas relief. See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) (petitioner's "cursory and vague" claim was insufficient to warrant habeas relief).

Additionally, to the extent Petitioner's allegation that CDCR "discriminates against inmates" (Pet. at 3) can be construed as an equal protection claim, Petitioner must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Petitioner has not sufficiently alleged facts showing that membership in a protected class was the basis of any alleged discrimination or that he was intentionally treated in a different manner than any similarly situated individuals. See United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011) (explaining that "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes"); McQuery v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991) ("a mere demonstration of inequality is not enough; the Constitution does not require identical treatment"). As such, Petitioner has not stated a claim cognizable on federal habeas review.

### E.   Other Defects

The Petition also suffers from several other defects.

First, it is written on a California state court form, not a form approved by this District. Federal district courts can require habeas petitions to be filed on approved forms, and this district requires such petitions to proceed only on approved forms. See Habeas Rule 2(d); Central District Local Civil Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court.").

Second, Petitioner did not pay the $5 filing fee for a federal habeas petition and did not file an application to proceed without prepayment of the filing fee ("IFP Application") as required by 28 U.S.C. § 1915.

The Court will take up these defects, if necessary, depending upon Petitioner's response to the Order below.

F. **Converting the Petition into a Civil Rights Complaint is Not Warranted**

The Court recognizes that there are some circumstances in which it may be appropriate for a district court to convert a non-cognizable habeas petition into a civil rights complaint under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 935-36. However, the Court finds this action is not amenable for such conversion for a number of reasons. First, simultaneously proceeding with habeas and civil rights claims in a single action likely is improper. See Malone v. Calderon, 165 F.3d 1234, 1236-37 (9th Cir. 1999) (declining to consolidate federal habeas and civil rights actions, stating that "the risk of confusion of the issues inherent in consolidation of the habeas and civil rights cases weighs against consolidation"); McGowan v. Hendrick, 2014 WL 791802, at *3 (C.D. Cal. Feb. 19, 2014) (declining to convert habeas petition into civil rights action where operative pleading contained both civil rights and habeas claims). Second, prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. The petition must be amenable to conversion "on its face," that is, it must name the correct defendants and seek the correct relief. See Nettles, 830 F.3d at 936. As pled, Petitioner's claims potentially would be subject to dismissal for failure to state a claim upon which relief may be granted, which could subject him to a "strike" under 28 U.S.C. § 1915(g).

## IV.
## ORDER

For the foregoing reasons, Petitioner is ORDERED TO SHOW CAUSE in writing by no later than thirty (30) days from the date of this Order why the Petition should not be dismissed for reasons explained above.

Alternatively, Petitioner may voluntarily dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil

Procedure 41(a). <u>The Clerk is directed to provide a form Notice of Dismissal with this Order</u>.

The Court cautions Petitioner that failure to timely comply with this Order may result in the Court recommending the action be dismissed for failure to prosecute and failure to comply with a Court order.

Dated: September 15, 2020

_____
JOHN D. EARLY
United States Magistrate Judge